25CA2393 Peo in Interest of LR-JM 08-13-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2393
City and County of Denver Juvenile Court No. 24JV31033
Honorable Laurie Clark, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of L.R-J.M. and A.S.M, Children,

and Concerning R.D.G.S. III,

Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE JOHNSON
Freyre and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

---

Miko Brown, City Attorney, Christina R. Kinsella, Assistant City Attorney, Denver, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Just Law Group LLC, John F. Poor, Denver, Colorado, for Appellant

¶ 1     In this dependency and neglect action, R.D.G.S. III (father) appeals from the order adjudicating L.R-J.M. and A.S.M. (the children) dependent and neglected.  We affirm.

## I.     Background

¶ 2     Denver Human Services (DHS) filed a petition in dependency or neglect, raising concerns that mother was not providing proper supervision of the children.  Father entered a no-fault admission to the allegations in the petition.

¶ 3     DHS and father wished to enter into a deferred adjudication agreement pursuant to section 19-3-505(5)(b), C.R.S. 2025.  But father objected to completing a substance dependence evaluation and requested that the court accept five urinalysis screens through his physician as a substitute term in the deferred adjudication agreement.  The court granted father's request, ordered the modified terms of the agreement, and deferred the children's adjudication as to him.

¶ 4     Four months later, DHS moved to revoke the deferred adjudication agreement.  The juvenile court revoked the agreement and adjudicated the children dependent and neglected following a contested hearing.  Father now appeals.

## II. The Terms of the Deferred Adjudication

¶ 5 Father contends that the juvenile court erred by permitting hearsay evidence at the contested hearing on the terms of the deferred adjudication. In so doing, father claims that substance monitoring was included as a term of the deferred adjudication agreement "largely based on this improperly admitted evidence."

¶ 6 But the record supports that substance monitoring was included as a term of the deferred adjudication because father requested it as an alternative to completing a substance evaluation. Father may not now claim that its inclusion was in error. *People in Interest of N.A.T.*, 134 P.3d 535, 537 (Colo. App. 2006) (an appellate court will not consider an issue when a parent took the opposite position in the juvenile court).

## III. Hearsay Statements at the Hearing to Revoke Father's Deferred Adjudication

¶ 7 Father next contends that the juvenile court erred by improperly admitting, considering, and relying on inadmissible hearsay evidence when it revoked his deferred adjudication agreement and adjudicated the children. We are not persuaded.

A.    Standard of Review and Applicable Law

¶ 8    We review a juvenile court's evidentiary rulings for an abuse of discretion. *M.A.W. v. People in Interest of A.L.W.*, 2020 CO 11, ¶ 32. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

¶ 9    An error in admitting evidence is harmless if it does not affect a substantial right of a party. C.R.C.P. 61; *People in Interest of C.C.*, 2022 COA 81, ¶ 20. An error affects a substantial right only if it can be said with fair assurance that it substantially influenced the outcome of the case or impaired the basic fairness of the trial. *C.C.*, ¶ 20.

¶ 10    Colorado Rule of Evidence 801(c) defines hearsay as a statement other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. Hearsay is generally not admissible. CRE 802. While a caseworker recognized as an expert witness may rely on inadmissible facts or data while forming an expert opinion, that underlying information may not be admitted for the truth of the

3

matter "merely because the expert relied on them." *Leiting v. Mutha*, 58 P.3d 1049, 1054 (Colo. App. 2002).

## B.    Analysis

¶ 11    Father contends that the court erred by allowing DHS to present out-of-court statements through the caseworker. Specifically, he claims that the court erred by permitting the caseworker to testify as to various concerns included in referrals made to DHS before the petition was filed. Father asserts that the court erroneously admitted these statements as the basis of the caseworker's expert opinion under CRE 802. Father objected to these statements as irrelevant to the court's determination of whether father complied with the deferred adjudication. While the court generally determined that information gathered before the entry of the agreement was irrelevant, it allowed the caseworker to testify about the referrals received by DHS for the effect on the listener and not for the truth of the matter asserted. Regardless, any error in admitting this evidence was harmless because there is no indication in the court's oral or written order that it relied on or considered the contents of the referrals in determining that father did not comply with the terms of the deferred adjudication.

¶ 12    Father also points to the caseworker's testimony that L.R-J.M. "made statements in a forensic interview that created safety concerns for [DHS]." The court allowed this testimony, finding that the caseworker's opinion involving safety concerns was not hearsay and could properly be informed by a child's statements as long as the child's statements were not being offered. We discern no error. "[T]he facts or data need not be admissible in evidence in order for the opinion or inference to be admitted." CRE 703. And DHS did not elicit the underlying hearsay at any point in the hearing; instead, it was father who elicited the substance of the disclosures made by the child. Again, any error is harmless because there is nothing in the record to suggest that the court considered the fact of, circumstances surrounding, or contents of the child's forensic interview when finding that the child was dependent or neglected.

¶ 13    The court found that, although father was compliant with some terms of the deferred adjudication, he was "clearly not compliant" with the terms "that are significant . . . . to moving toward[] reunification." Specifically, the court found that father was partially compliant with terms that required him to communicate with DHS and understand the needs of the children. But the court

5

found that father failed to (1) participate in family time; (2) complete a psychological evaluation; and (3) either complete urinalysis with his physician or complete a substance dependence evaluation. The record supports these findings.

¶ 14 The caseworker provided unrebutted testimony that father did not participate in any evaluations and attended only one of the offered family time sessions. Father does not challenge these findings on appeal, or the admissibility of the evidence relied on by the court related to his compliance with the terms of the deferred adjudication.

¶ 15 We therefore discern no error in the court's finding that father was not substantially compliant with the deferred adjudication agreement or in its conclusion revoking the agreement and adjudicating the children dependent and neglected.

## IV. Conclusion

¶ 16 The judgment is affirmed.

JUDGE FREYRE and JUDGE KUHN concur.